Filed 10/27/21  P. v. Martinez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081805 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F19907765) |
| MICHAEL JAMES MARTINEZ, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Heather Jones, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

In 2020, appellant Michael James Martinez pleaded no contest to carrying a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1);[1] count 1) and he pleaded no contest to misdemeanor driving under the influence of alcohol (DUI) (Veh. Code, § 23152, subd. (a); count 3). Appellant admitted (1) he was not the registered owner of the firearm, which was loaded or ammunition was readily available (§ 25400, subds. (c)(6)(A) & (B)); (2) he had a prior DUI conviction; and (3) his blood-alcohol level for the current offense was 0.28 percent.

The trial court suspended imposition of judgment and sentence for three years, and appellant was placed on formal probation under various terms and conditions. Appellant was ordered to serve 223 days in custody, with credit for time served. In relevant part, the court imposed certain fees under former section 1203.1b and former section 987.8.

Appellant raises two issues. First, based on the passage of Assembly Bill No. 1950 (2019–2020 Reg. Sess.) (Assembly Bill 1950), he contends his three-year probationary term must be reduced to two years. Second, based on the passage of Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869), he asserts the fees mentioned above must be stricken. We agree with his arguments. We will reduce the term of probation to two years, and will strike these fees. We otherwise affirm.

## BACKGROUND

Because the issues on appeal relate to sentencing, we omit any facts supporting appellant's change of plea.[2] During the change of plea hearing, the prosecution offered appellant no initial state prison (NISP) if appellant would admit the charges in counts 1 and 3, and the special allegations summarized above. Appellant accepted and he entered

---

[1]    All future statutory references are to the Penal Code unless otherwise noted.

[2]    During the sentencing hearing, the parties stipulated that the police reports would provide a sufficient factual basis to support the change of plea. The court found a factual basis for the plea.

his change of plea. In exchange, the prosecution dismissed the following counts and allegations:

(1)     Felony carrying a loaded firearm in public (§ 25850, subd. (a); count 2);

(2)     Misdemeanor DUI with a blood-alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b); count 4);

(3)     Driving with a suspended license for a prior DUI conviction (Veh. Code, § 14601.2, subd. (a); count 5); and

(4)     Misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 6).

At sentencing on September 25, 2020, the trial court confirmed that the prosecution's offer was NISP. The court imposed three years of formal felony probation.

## DISCUSSION

### I.     Based On Assembly Bill 1950, We Reduce Appellant's Term Of Probation From Three Years To Two Years

On January 1, 2021, Assembly Bill 1950 took effect and reduced the maximum probationary term to two years for most felony offenses. (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879 (*Quinn*).) There is an exception to the new two-year limitation for certain felonies, but that exception does not apply here. (See § 1203.1, subd. (m).)

The parties agree that appellant should receive a retroactive benefit from Assembly Bill 1950 because his case is not yet final on appeal. Appellate courts have already determined that Assembly Bill 1950 should apply retroactively to cases not yet final on appeal, and respondent does not contest those holdings. We agree with the parties that Assembly Bill 1950 retroactively applies to appellant. (See *Quinn*, *supra*, 59 Cal.App.5th at p. 883; *People v. Sims* (2021) 59 Cal.App.5th 943, 958 (*Sims*); *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1073–1074.) Accordingly, the length of

appellant's felony probation may no longer exceed two years.  (§ 1203.1, subd. (a).)  The issue before us is the remedy.

Appellant contends this court should reduce the term of probation without remanding the matter.  In contrast, respondent asserts we should remand this matter to the trial court with directions to impose a probation term of not more than two years, and to allow the parties to bring whatever "motions they deem appropriate."

According to respondent, merely striking any probationary term that exceeds two years "deprives the superior court and the parties of a necessary determination of the status of the probation at the time it was terminated."  Respondent notes that a probationer may seek expungement following completion of probation.  Respondent claims a remand permits the trial court to make any necessary modifications to the probationary terms.  Respondent also contends that the remedy employed in *Sims*, *supra*, 59 Cal.App.5th 943, remanding the case and directing the trial court to terminate probation consistent with Assembly Bill 1950, is "preferable" to this court reducing the term of probation without remand.  Finally, respondent argues that the terms of the plea agreement have been altered so that either the People or the trial court should have an opportunity to rescind the deal.  Respondent cites *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).  According to respondent, this change in law impacted the trial court's discretion in fashioning the terms of probation.

We agree with appellant that a remand is not necessary, and we reject respondent's arguments.  Because probationary terms were not negotiated as part of the plea agreement, including the length of any probationary period, we need not remand to permit the People or the trial court the opportunity to withdraw approval of the plea in light of the modification to the length of probation.  Instead, we will order modification of the term of probation to two years consistent with Assembly Bill 1950.

In *Stamps*, the parties entered into a negotiated plea with a specified prison term, which included a prior serious felony enhancement.  (*Stamps*, *supra*, 9 Cal.5th at p. 693;

4.

§ 667, subd. (a).)  After the defendant entered his plea, the Legislature passed Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393), which granted the trial court discretion to strike the prior serious felony enhancement in the furtherance of justice. (*Stamps*, at p. 692.)  The defendant appealed, seeking remand to allow the trial court to strike the enhancement from the agreed-upon sentence but otherwise keeping the plea bargain intact.  (*Id.* at p. 700.)  The California Supreme Court concluded that Senate Bill 1393 applied retroactively but rejected the defendant's argument that, on remand, the trial court could dismiss the five-year prior serious felony enhancement while otherwise maintaining the plea agreement.  (*Stamps*, at pp. 693–699, 700.)  Because the parties entered into a plea agreement for a specified prison term based on the prior serious felony enhancement, the trial court could not unilaterally modify the terms absent the prosecution's agreement.  (*Id.* at pp. 700–704.)  Relying on the stipulated nature of the sentence, the high court explained that " 'Senate Bill No. 1393 does not entitle defendants who negotiated stipulated sentences "to whittle down the sentence 'but otherwise leave the plea bargain intact.' " ' "  (*Id.* at p. 706.)  That would fundamentally alter the terms of the agreement, depriving the People of the benefit of their bargain.  (*Id.* at p. 703.)

In this matter the concerns in *Stamps* are absent.  The parties did not reach a stipulated sentence.  Instead, the prosecution offered appellant NISP for which appellant would admit to certain charges while other charges would be dismissed.  Although the parties agreed to NISP, they otherwise left sentencing to the discretion of the trial court. At the time appellant was sentenced, former section 1203.1 permitted the court to grant felony probation "for a period of time not exceeding the maximum possible term of the sentence."  (Former § 1203.1, subd. (a).)  The court had discretion to impose a probationary term "not over five years" if the maximum possible sentence was five years or less.  (*Ibid.*)

Here, appellant's maximum possible prison sentence for violating section 25400 in count 1 (carrying a concealed firearm in a vehicle) was three years based on the special

allegation that he was not the registered owner of the firearm, and the firearm was loaded or ammunition was readily available. (§§ 25400, subds. (c)(6)(A) & (B), 1170, subd. (h)(1).) As such, the court could have imposed felony probation for up to five years. (Former § 1203.1, subd. (a).) Instead, the court imposed three years of probation.

Under these circumstances, reducing the length of felony probation to two years is not inconsistent with the parties' plea agreement. The length of the imposed felony probation remains within the range of possible outcomes agreed to by the parties. Thus, reducing the length of probation while preserving the plea deal "does not deprive the People of the benefit of their bargain, or grant [appellant] a bounty to which he is not entitled, or require the trial court to unilaterally restructure the terms of the plea deal." (*People v. Henderson* (2021) 67 Cal.App.5th 785, 789 [concluding remand not warranted after a prior prison term enhancement was struck following a plea agreement].) A remand is unnecessary because the parties' plea agreement only contemplated NISP, and the agreement clearly permitted the sentencing court to exercise its discretion under a range of possible outcomes.

Respondent's additional concerns are without merit. Appellant was granted probation on September 25, 2020. If we reduce the term to two years, appellant's term of probation will continue until 2022. Modifying the length of probation will not result in its immediate termination.

In *Sims*, the opinion which respondent asks us to follow, the Fourth District Court of Appeal, Division One, remanded the matter for resentencing after concluding its probationer was entitled to seek a reduced probation term under Assembly Bill 1950. (*Sims*, *supra*, 59 Cal.App.5th at p. 964.) The *Sims* court, however, did not explain why a remand was necessary for this issue. (*Ibid.*) We note that the First District Court of Appeal, Division Four, in *Quinn* reached the opposite conclusion and modified the term of probation without remanding the matter. (*Quinn*, *supra*, 59 Cal.App.5th at p. 885.)

6.

We would typically remand a matter to the trial court for resentencing in light of changed circumstances. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 [when part of a sentence is stricken on review, remand for a full resentencing as to all counts is appropriate].) However, in this situation, the trial court is statutorily authorized to modify the terms and conditions of probation at any time before probation terminates, and the parties may also move the court for such an order. (§§ 1203.2, subd. (b)(1), 1203.3, subd. (a).) Nothing herein precludes appellant from moving the trial court to modify the conditions of his probation in light of the reduced term of probation. (*Quinn, supra,* 59 Cal.App.5th at p. 885, fn. 6.) Because the trial court retains jurisdiction to modify the terms and conditions of probation, there is no need to remand for resentencing. Instead, we will modify the order granting probation by reducing the term to two years.

## II. Based On Assembly Bill 1869, We Strike The Fees Imposed Under Former Section 987.8 and Former Section 1203.1b

Effective July 1, 2021, Assembly Bill 1869 eliminated many fees, fines and assessments that a sentencing court could previously impose under a range of statutes. This includes elimination of a legal assistance fee (former § 987.8, subd. (b)) and elimination of a probation supervision fee[3] (former § 1203.1b, subd. (a)). (*People v. Clark* (2021) 67 Cal.App.5th 248, 259 (*Clark*).) Under Assembly Bill 1869, these fees

---

[3] Under former section 1203.1b, a probation officer could request reimbursement for the "reasonable cost of any probation supervision, conditional sentence, or term of mandatory supervision, of conducting any preplea investigation and preparing any preplea report pursuant to Section 1203.7, of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203, and of processing a jurisdictional transfer pursuant to Section 1203.9 or of processing a request for interstate compact supervision pursuant to Sections 11175 to 11179, inclusive, whichever applies." (Former § 1203.1b, subd. (a).)

became "unenforceable and uncollectible" as of July 1, 2021, and "any portion of a judgment imposing those costs shall be vacated." (Former § 1465.9, subd. (a).)[4]

When sentenced in this matter, the trial court imposed upon appellant, in relevant part, an annual $360 probation supervision fee, and a one-time fee of $296 for presentence investigation and a report. These fees were imposed pursuant to former section 1203.1b. The court also imposed a $102 legal assistance fee pursuant to former section 987.8.

Appellant argues he is entitled to retroactive application of Assembly Bill 1869, and these fees should be stricken. In contrast, respondent asserts that such a remedy is inconsistent with the plain meaning of Assembly Bill 1869. Respondent contends these fees and costs will "automatically become uncollectable starting July 1, 2021," and this court need not become involved. Respondent also takes the position that Assembly Bill 1869 does not apply retroactively to the extent appellant is seeking retroactive application prior to July 1, 2021.

A recent opinion has resolved the parties' dispute. In *Clark*, the First District Court of Appeal, Division Four, concluded that, after July 1, 2021, the plain language of section 1465.9, subdivision (a), means a defendant is statutorily entitled to have any such fees vacated even though they are no longer collectible. "The language of the statute is mandatory (i.e., 'shall be vacated')." (*Clark*, *supra*, 67 Cal.App.5th at p. 259.) The *Clark* court noted that "[p]erhaps the Legislature provided for this additional form of

---

**4**    Following Assembly Bill 1869, the Legislature enacted Assembly Bill No. 177 (2021–2022 Reg. Sess.), which the Governor approved on September 23, 2021. In part, Assembly Bill No. 177 amends section 1465.9, subdivision (a), to read as follows: "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 1463.07, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

relief because it understood that even uncollectible debts can burden an individual or family, but regardless of its purpose, the import of this provision is clear." (*Id*. at p. 260.)

The *Clark* court also determined that, after July 1, 2021, it did not need to address the question of retroactivity to resolve the case. (*Clark*, *supra*, 67 Cal.App.5th at p. 260.) Instead, Assembly Bill 1869 "requires that we vacate that portion of the judgment against [the defendant] that imposes a monthly fee for probation supervision." (*Clark*, at p. 260.) In relevant part, the appellate court conditionally vacated the judgment with directions for the trial court to modify it by striking any unpaid balance of the imposed probation supervision fee. The matter was remanded for the trial court to correct the applicable minute order and abstract of judgment. (*Id*. at p. 261.)

We find *Clark* to be well-reasoned and we will follow it. Based on *Clark*, we need not further comment on the parties' disputed points regarding retroactivity. Instead, appellant is statutorily entitled to have these fees vacated even though they are no longer collectible after July 1, 2021. (§ 1465.9, subd. (a); *Clark*, *supra*, 67 Cal.App.5th at p. 259.) Accordingly, we will strike any unpaid balance of the fees which were imposed in this matter under former section 987.8 and former section 1203.1b.

## DISPOSITION

We modify the order granting probation by reducing the term to two years. We strike any unpaid balance of the fees imposed under former section 987.8 and former section 1203.1b. We direct the trial court to amend the minute order to reflect the imposition of a two-year term of formal probation and to reflect the striking of these fees. The court shall notify the appropriate authorities of the change to appellant's probationary term. In all other respects, the judgment is affirmed.